## J. V. HOLLINGSHEAD v. STATE.

No. A-3790. Opinion Filed June 6, 1922.
Rehearing Denied June 7, 1922.
(207 Pac. 108.)

(Syllabus.)

1. **Larceny—Evidence Indicating Systematic Organized Conspiracy to Steal Automobiles.** The evidence examined, and held indicative of a systematic, organized conspiracy between defendant and others to steal automobiles, among others, the car here in controversy.

2. **Evidence—Evidence of Theft of Other Cars Admissible.** Evidence of the theft of other cars about this time, pursuant to this conspiracy, was properly admitted.

3. **Evidence—Testimony of Accomplice Corroborated.** The testimony of an accomplice, a witness for the state, was sufficiently corroborated.

Appeal from District Court, Garfield County; J. C. Robberts, Judge.

J. V. Hollingshead was convicted of the larceny of an automobile, and he appeals. Affirmed.

H. J. Sturgis, for plaintiff in error.

Geo. F. Short, Atty. Gen., and R. E. Wood, Asst. Atty. Gen., for the State.

BESSEY, J. J. V. Hollingshead, plaintiff in error, was on the 3d day of December, 1919, in the district court of Garfield county, convicted of the larceny of a Cadillac automobile on July 6, 1919, and his punishment was fixed at confinement in the state penitentiary at McAlester for a term of 12 years. After the overruling of a motion for a new trial plaintiff in error appeals.

The record in this case is voluminous, containing 811 pages. This is a companion case to case No. A-3831, 21 Okla. Cr. 306, 207 Pac. 104, just decided by this court, involving the same parties and the same or similar facts and chain of cir-

cumstances, growing out of the alleged theft of a large number of automobiles by the plaintiff in error and his accomplices. Without reciting the facts in detail, it is sufficient to say that the evidence contained in the record strongly indicates that the Cadillac automobile in question was stolen by the plaintiff in error, acting with a band of coconspirators, organized for the purpose of stealing this and other cars and operating under a definite plan and system. Within a month or a little over, from the latter part of May until early July, 1919, this band handled 12 or 15 stolen cars, among them the car here in controversy.

According to the testimony on the part of the state, this car was taken from the garage of the owner, Eugene McConkay, at Enid, about midnight of July 6, 1919, by the plaintiff in error and Oscar Sams. When they first attempted to remove the car, they found the ignition locked, so that it could not be moved under its own power. The car was moved some distance away, where the ignition switch was taken apart and rewired, so as to enable them to run the car by means of its own mechanism. The tank was then filled with gasoline and the car was driven by Sams to Kansas City, and there delivered to another accomplice, Blasdell. Within a day or two the car was sold in Kansas City by Blasdell, and later recovered by the owner.

To give all the details of this conspiracy, including the theft of the several different cars, the methods of operation of this band of conspirators, and the corroborating circumstances, would prolong this opinion to an unnecessary length. The testimony in this case is very like the testimony in the companion case referred to above, to which, for the sake of brevity, reference is here made. In this case the testimony corroborating the state's witness Sams, a confessed accomplice, is stronger and more complete than in the companion case. In this case, unlike the other, the testimony concerning the

stolen car used by Sams to make the trip to Colorado was brought out on cross-examination of the witness Sams by counsel for the plaintiff in error. This part of the testimony probably operated to the advantage of plaintiff in error and was doubtless brought out by counsel for that purpose. At any rate, it was done at his solicitation, on account of which he cannot now complain.

For the reasons stated above and the reasons stated in the companion opinion, the judgment of the trial court is affirmed.

DOYLE, P. J., and MATSON, J., concur.